TRINA A. HIGGINS, United States Attorney (#7349)
SAM PEAD, Assistant United States Attorney (#11945)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA, | Case No. 2:21-cr-00414 |
|---|---|
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| vs. | |
| DAMIR ZULCIC, | Judge Ted Stewart |
| Defendant. | |

The United States, by and through the undersigned Assistant United States Attorney, hereby submits the following sentencing memorandum and herein argues for a sentence that includes 70 months of incarceration, and asserts that this amount of incarceration is consistent with the factors outlined in 18 U.S.C. § 3553(a).

As noted in the Defendant's statement in advance of plea, and the presentence report (PSR), the United States agreed to recommend a low-end sentence in this case. The guideline range computed in the PSR, a figure the United States believes was calculated correctly, is 70-87 months. For the reasons argued below, the United States believes that

1

a guideline sentence is necessary in this case, and that 70 months of incarceration is sufficient but not greater than necessary for this case.

There are some significant and aggravating facts that support a guideline sentence in this case. To begin with, the Defendant was subject to an outstanding protective order, and was in violation of this court order for contacting the protected party and for possessing a firearm. The messages that the Defendant text messaged the female protected party included vile and disturbing language that threatened oral and anal rape. The Defendant also sent a tacit threat to the protected party in the form of a video of him with a firearm. This firearm had a laser sight on it.

This situation was further aggravated by the fact that the Defendant was on probation with the State of Utah (AP&P), which was another circumstance that prohibited his possession of a firearm. Lastly, the Defendant was a convicted felon, which, again, prohibited him from possessing firearms.

Upon learning of these violations, AP&P located and arrested the Defendant. Upon arrest, the Defendant blamed the protected party with regard to the protective order for his arrest rather than his ongoing violations and threats.

At the time of his arrest, the Defendant was found with possession of cocaine, heroin, and marijuana, along with paraphernalia on his person.

AP&P then went into the Defendant's vehicle. At this time, the Defendant denied ownership of this car and disclaimed the property therein, although AP&P knew it was

the vehicle he had been driving around in. Underneath the driver's seat AP&P found a loaded gun with a laser sight on it that matched the weapon the Defendant was seen possessing in the video he had sent previously via text message in violation of the protective order.

More drugs and paraphernalia were also discovered. These items of paraphernalia (scales, plastic baggies) are consistent with drug trafficking. AP&P also found a credit card in a fanny pack in the vehicle that belonged to the Defendant along with a business card for his supervising AP&P officer.

As mentioned above, the Defendant was on parole, and for multiple cases including two separate cases of drug trafficking. And here, though drug trafficking was not charged, he was found in possession of numerous types of drugs, tools for ingestion, scales and plastic baggies. At the very least, the Defendant's mixing of drug use and guns is concerning, but his history and the drug trafficking implements found in his car heightens the United States' apprehension regarding his possession of this combination of contraband. On top of this, the Defendant is a known gang member.

Fortunately, the guidelines in this case take into account his prior drug trafficking history by ramping his base offense level up to 24, which, when coupled with his criminal history, leads to the not-insignificant guideline range of 70-87 months.

Those same guidelines also include criminal history points that are based (partially) in his prior drug trafficking convictions.

The United States expects that the Defendant could argue that he is receiving a double-punishment for these crimes because they are reflected both in his criminal history calculation and his guideline determination.

The United States notes that the guidelines were created in a way that provides for this to happen. Additionally, the United States believes that the purported double-punishment in this case is counter-balanced by the disturbing and vile threats and tacit video threat the Defendant made to someone who was under the protection of a protective order. These extremely significant and deeply concerning facts are not accounted for in the guidelines.

Additionally, the United States' agreement and recommendation is for the low-end of the guideline calculation which also provides some counter-balance to the double-punishment argument. Without this circumstance, a high-end recommendation and sentence could certainly be warranted in this case.

Even though it is a low-end recommendation, 70 months still reflects the seriousness of this case (possessing a firearm in violation of a protective order, parole agreement and the law while also having a variety of drugs). 70 months will also deter the Defendant specifically for some time while also sending a message to the public that serious facts like this are going to punished appropriately. 70 months will also provide the Defendant with the time needed to think through his past decisions and engage in

meaningful treatment opportunities in order to be (should he choose to do so) rehabilitated.

Finally, the United States moves the Court to dismiss Counts II and III, and to order the forfeiture of the firearm possessed in this case (a Ruger P95 9mm handgun, SN: 318-83454) along with all associated ammunition.

Respectfully submitted this 30th day of August, 2023.

TRINA A. HIGGINS<br>
United States Attorney<br>
<br>
<i>/s/ Sam Pead</i><br>
SAM PEAD<br>
Assistant United States Attorney